PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR MERCADO, | ) | CASE NO. 4:13cv2205 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MICHAEL PUGH, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

On August 8, 2013, *pro se* Plaintiff Victor Mercado sued Defendants Northeast Ohio Correctional Center (NEOCC) Warden Michael Pugh and NEOCC Health Services Administrator Dana Hivner, as well as "named unknown agents" of NEOCC and Corrections Corporation of America (CCA) in the Mahoning County, Ohio Court of Common Pleas. ECF Nos. 1-1 at 2; 1-2 at 3. On October 4, 2013, Defendants Pugh and Hivner removed the action to the Court based on 28 U.S.C. §§ 1441(b), 1441(c), 1443, and 1446.[1] ECF No. 1 at 2. In the Complaint, Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs and failed to provide him with proper dental care in violation of "Ohio State Tort Law." ECF No. 1-1 at 2. He seeks monetary and injunctive relief. ECF No. 1-1 at 2. For the reasons that follow, this action will be remanded to the state court.

## I. Background

On May 29, 2013, Plaintiff filed a civil rights action in the instant Court against NEOCC,

---

[1] Shortly thereafter, Defendants filed a Motion to Dismiss. ECF No. 3.

(4:13cv2205)

CCA, and the Federal Bureau of Prisons (BOP), alleging deliberate indifference to serious medical need in violation of the Eighth Amendment and seeking mandamus relief. *See Mercado v. Fed. Bureau of Prisons*, No. 4:13CV11944, 2013 WL 3947756 (N.D. Ohio July 31, 2013) (Pearson, J.). On July 31, 2013, the Court dismissed Plaintiff's claims against the BOP on sovereign immunity grounds and dismissed his claims against NEOCC and CCA pursuant to *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001), within which the Supreme Court declined to provide a cause of action against a private prison corporation for alleged constitutional violations. *Id.* at *2-3.

Thereafter, on August 8, 2013, Plaintiff filed the present Complaint in state court. He alleges in his Complaint that he has been incarcerated at NEOCC since June 22, 2012. ECF No. 1-1 at 5. He states that when he first arrived at NEOCC, he sought medical care for upwards of seven dental cavities, but was told he would have to wait six months before he could receive dental care. *Id*. On April 17, 2013, Plaintiff received treatment for one of his cavities and was told he would have to wait another eight months, until December 2013, to receive any further dental treatment. *Id*. Plaintiff contends that throughout his ordeal, he has filed several grievances and sick call requests renewing his entreaties for dental care, each being denied. *Id*. Further, he alleges NEOCC staff and Defendants have been "deliberately indifferent" to his medical needs and delayed scheduling any treatment for his dental problems beyond his planned release date of October 1, 2013 for cost saving reasons and "to make as much money as possible off [his] incarceration." *Id*. He contends that because of Defendants' delayed and negligent treatment, he has endured pain and suffering and continued tooth deterioration, which may result in "acute infection" and "in greater treatment costs, and more complex treatment regimens[.]" *Id.* at 6-7. He states that at the time of filing the

2

(4:13cv2205)

Complaint he had thirteen cavities and a broken wisdom tooth. *Id*. at 5. He seeks an order compelling NEOCC to complete his dental treatment prior to his scheduled release on October 1, 2013, as well as compensatory and punitive damages under "State Tort Law." *Id*. at 7.

## II.  Removal Jurisdiction

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal courts have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

A defendant may remove any civil case filed in state court to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *Id*. at 392. The defendant bears the burden of establishing that removal is proper. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). All doubts regarding the removal petition must be resolved against removal. *Queen ex rel. Province of Ont. v. City of*

(4:13cv2205)

*Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

### III. Law and Analysis

#### A. Federal Question Jurisdiction

Defendants first assert in their removal petition that the Court has federal question jurisdiction over the Complaint because it may be construed as alleging a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. The Court disagrees.

"The well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13, 22 (1983); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). Here, while the Complaint refers to Defendants' duties to refrain from "cruel and unusual punishment," (ECF No. 1-1 at 6), and claims that Defendants' acted with "deliberate indifference" in failing to treat Plaintiff's cavities, the Complaint does not invoke any particular Constitutional Amendment or federal statute. Furthermore, a mere matter of days after the Court dismissed his purported Eighth Amendment action for lack of subject matter jurisdiction, Plaintiff filed this Complaint in state court, indicating he was "resort[ing] to State Tort as my last legal recourse." ECF No. 1-1 at 4. Indeed, Plaintiff repeatedly emphasizes in his Complaint that he is seeking relief under "Ohio State Tort Law," alleging that the medical and dental care at NEOCC "falls far below the contemporary reasonable standards of decency," and that Defendants were

4

(4:13cv2205)

"negligent." ECF No. 1-1 at 2, 3, 4. Additionally, insofar as Plaintiff includes citation to federal case law in his Complaint (ECF No. 1-1 at 6), he plainly indicates that he does so only because he does not have access to "Ohio State Court case and other legal materials[.]" ECF No. 1-1 at 6. Under the circumstances, construing the Complaint liberally in Plaintiff's favor, and resolving all doubts against removal, it is evident that Plaintiff seeks relief under state law only.

Even if the Complaint could be construed as pleading a *Bivens* claim, the Court lacks jurisdiction to decide such a claim against a Defendant employed by a private prison. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court recognized the existence of an implied right of action against federal agents in their individual capacities for certain constitutional violations. *Bivens* actions have been described as "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Ashcroft v. Iqbal*, 556 U.S. 662, 675–76(2009). *See also Malesko*, 534 U.S. at 70. Under *Bivens*, a plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or the laws of the United States. *Bivens*, 403 U.S. at 397. Second, he must demonstrate that defendants acted under color of federal law. *Id*. The United States Supreme Court recently declined to extend *Bivens* to the employees of a private prison under certain circumstances. *Minneci v. Pollard*, — U.S. —, 132 S. Ct. 617 (2012). The Court in *Minneci* stated,

> A federal prisoner seek[ing] damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We can not imply a *Bivens* remedy in such a case.

*Id.* at 626. Accordingly, to the extent Plaintiff's Complaint may be read to allege an Eighth

(4:13cv2205)

Amendment claim, it "focuses upon a kind of conduct that typically falls within the scope of traditional state tort law[,]" *id.* at 623, and the Court lacks jurisdiction to decide such claims.

Finally, while the Supreme Court's decision in *Minneci* does not preclude Plaintiff's suit for injunctive relief requiring Defendants to provide him with treatment for his cavities prior to his scheduled release date, *see Avendano v. B.O.P. Director*, 2013 WL 2209450, at *5 (N.D. Ohio May 20, 2013) (citing *Hernandez v. Dixon*, 2012 WL 6839329 (N.D. Tex. Dec. 12, 2012)), that claim was moot at the time of removal. A prisoner's claim for injunctive relief becomes moot when the prisoner is no longer confined at the prison where the claim allegedly arose. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding prisoner's claim for injunctive and declaratory relief mooted by his transfer to new facility). According to the Federal Bureau of Prisons website,[2] Plaintiff was released from prison on October 1, 2013. Therefore, at the time this case was removed on October 4, 2013, Plaintiff's request for injunctive relief was moot. *See Cardinal v. Metrish*, 564 F.3d 794, 799 (6th Cir. 2009) (citing *Kensu*, 87 F.3d at 175).

Accordingly, for all the foregoing reasons the Court does not have federal question jurisdiction over this action.[3]

---

[2] Available at: http://www.bop.gov/iloc2/LocateInmate.jsp.

[3] Defendants also purport to remove this action under 28 U.S.C. § 1443. ECF No. 1 at 2. The purpose of § 1443 is "to allow[] removal to address the violation of a right to racial equality that is unenforceable in state court." *Kansas v. Morrison*, 242 F. App'x 590, 592 (10th Cir. 2007) (citation and internal quotation marks omitted). Two conditions must be satisfied for a case to be removed pursuant to 28 U.S.C. § 1443(1): "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality" and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614-615 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). Neither of

(4:13cv2205)

### B.  Diversity Jurisdiction

As set forth above, the Court has determined that at the time of removal, the Complaint presented no cognizable federal claims.  Instead, Plaintiff's Complaint can be liberally construed as alleging state law torts of negligence and medical malpractice.  Defendants assert in their removal petition that in the alternative to federal question jurisdiction, the Court may exercise diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1441 and 1332.  ECF No. 1 at 3.

Section 1332 provides "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a)(1).  The forum-defendant rule of § 1441(b)(2), however,  precludes removal of this action based on diversity jurisdiction.  The language of § 1441(b)(2) unambiguously states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).[4]  Defendants Pugh and Hivner admit that they are residents of the State of Ohio and that service was perfected upon them on September 6, 2013.  ECF No. 1 at 2-3.  Therefore, based on the language in § 1441(b)(2),

---

these conditions are even alleged in this case, let alone appear to be satisfied.

[4]     In *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699 (1972), the Supreme Court delineated an exception to the forum-defendant rule, holding that when a case is improperly removed but is tried to judgment on the merits without objection, a party waives his right to later raise the issue of lack of subject-matter jurisdiction at the time of removal.  The *Grubbs* exception is not at issue in this case because there has been no judgment on the merits.  Indeed, this case has only been in federal court for a matter of weeks and no discovery or court proceedings has occurred.

(4:13cv2205)

the Court finds that removal of this action on the basis of diversity jurisdiction, and in the absence of any cognizable federal claim, was improper.[5] *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) ("Statutes conferring removal jurisdiction are to be construed strictly because removal encroaches on a state court's jurisdiction") (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). *See also, Thompson v. Karr*, 182 F.3d 918, 1999 WL 519297, at *3 (6th Cir. 1999) (table opinion) (exercising jurisdiction over appeal from order granting summary judgment, but raising and addressing removal under § 1441(b)(2), *sua sponte*, "since it relates to our jurisdiction").

Accordingly, in the absence of either federal question or diversity jurisdiction, this action must be remanded. *See Gomez v. Mgmt. Training Corp.*, No. 1:12-CV-00518-LJO, 2012 WL 5471800 (E.D. Cal. Nov. 9, 2012) (remanding to state court a federal prisoner *pro se* complaint alleging Eighth Amendment deliberate indifference claim against private prison employees).

## IV. Conclusion

For the reasons set forth above, this action is remanded to the Mahoning County, Ohio, Court of Common Pleas, the state court in which it originated. The Court certifies, pursuant to 28 U.S.C.

---

[5] Under these circumstances, Plaintiff's domicile is of no import. Even if, as Defendants contend, Plaintiff is a citizen of the Dominican Republic who was domiciled in New York prior to his imprisonment in Ohio, the forum-defendant rule bars Defendants from removing to federal court on diversity grounds.

8

(4:13cv2205)

§ 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.


 October 22, 2013                      */s/Benita Y. Pearson*
Date                                Benita Y. Pearson
                                   United States District Judge